## J. H. HILL v. EMMA B. ELLIS.
### No. 119.

CIVIL PROCEDURE—*where parties have right to jury trial, court may not disregard jury's findings.* In an action triable to a jury as a matter of right, the court has no authority in law to disregard the verdict and finding of the jury and proceed to make findings of its own upon which to base a judgment.

Error from Russell District Court. Hon. W. G. Eastland, Judge. Opinion filed March 20, 1897. *Reversed.*

This was an action begun in the court below by the defendant in error, as plaintiff, to recover damages for the conversion of certain wheat. On the trial of the case both parties waived a jury, but the trial court of its own motion impaneled a jury and submitted to them certain questions of fact, but did not require them to return a general verdict. The defendant also submitted certain questions. After hearing the evi-

Hill v. Ellis.                              533

March 20, 1897.        Opinion.   Mahan, P. J.        W. Div.

dence and the arguments of counsel the jury returned their special findings to these questions and were thereupon discharged. The findings of the jury were such as to compel a judgment for the defendant below, plaintiff in error. After the discharge of the jury the court, on motion of the plaintiff, set aside the findings of the jury and made certain and different findings of fact of its own upon which judgment was rendered for the plaintiff. Defendant moved for judgment on the facts found by the jury, which motion was overruled. He excepted and brings the case here for review.

*H. G. Laing*, and *Sutton & Dollison*, for plaintiff in error.

*Anderson & Henderson*, for defendant in error.

Mahan, P. J. The court in this case, after having called a jury, and after the jury had heard the evidence and arguments of counsel and had returned special findings upon which the plaintiff in error was entitled to a judgment, disregarded such findings, did not require the jury to return a general verdict, but proceeded to make findings of its own and conclusions of law thereon and rendered a judgment upon such findings and conclusions of law. This was erroneous, and for this reason alone the judgment will have to be reversed; and it would be useless to examine the question whether the findings of the court were sustained by the evidence or not.

In an action to recover the value of personal property wrongfully taken or withheld, either party has a right to a jury. The parties may waive a jury, but the court is not obliged to accept such waiver and may of its own motion call a jury to try such cause. But the court cannot disregard the verdict and findings of a jury in such a case, and on its own motion proceed

to make findings of its own and base a judgment thereon. If the verdict and findings of a jury are not supported by the evidence, or for any other reason should not be permitted to stand, it is the duty of the court to set them aside and award a new trial.

Upon an examination of the plaintiff's evidence, we find· that there was sufficient evidence upon which to submit the case to the jury, and it was not error to overrule the defendant's demurrer thereto. We do not deem it necessary to refer to the seventh assignment of error, based upon the admission and rejection of evidence, inasmuch as it will be necessary to award a new trial.

The judgment is reversed.